## .McFARLANE v. DORMAND.

### [86 South. 267.]

APPEAL AND ERROR. *Supreme Court may extend time for transcribing stenographer's notes by order made more than thirty days after. application.*

Under Laws 1920, chapter 145, amending Laws 1910, chapter 111, adding sections 797a and 797b to Code 1906, relating to extension of time, the Supreme Court may grant an application by a court stenographer for an extension of thirty days in which to transcribe and file his notes of the evidence in a case, though because of an adjournment thirty days have expired since the application was filed in that court, and more than thirty days have expired since the sixty days allowed by statute for the stenographer to transcribe his notes, though no more than the thirty days allowed by statute can be allowed under any circumstances.

Suit between A. D. McFarlane and Frank C. Dormand. Application by the stenographer of the Ninth chancery court district for an extension of thirty days in which to transcribe and file his notes of the evidence in the cause. Application granted.

ETHRIDGE, J., delivered the opinion of the court.

This is an application by the stenographer of the Ninth chancery court district for an extension of thirty days in which to transcribe and file his notes of the evidence in this cause. The application for an extension was filed with the clerk on July 28, 1920, setting out the reasons for making said application and alleging that he had been served with notice within ten days after the decree of the lower court. At the time the application was filed, July 28, 1920, this court had adjourned for the term, and did not reassemble as a court until October 11, 1920.

Chapter 145, Laws of 1920 (amending chapter 111, Laws 1910), p. 201, section 797 (b), provides:

"*Extension of Time.*—If the stenographer finds that he will not be able to complete his transcript of the notes in any case within the time prescribed by law, he may apply to the supreme court for an extension of time, which court may for good cause shown, grant such extension, not ex-

ceeding thirty days additional time, as the court may deem consistent with justice."

Section 1 of said chapter, in paragraph 797 (a), provides that a party desiring to appeal shall notify the stenographer in writing within ten days after the adjournment of court of the fact that a copy of the notes is desired. And provides, further, that upon receipt of such notice it shall be the duty of the stenographer to immediately acknowledge receipt of same, and to transcribe and file his notes within sixty days thereafter. This chapter for the first time confers, or attempts to confer, jurisdiction upon this court to grant such extension; it formerly being vested in the circuit and chancery courts over their respective stenographers.

We assume, without deciding, that an appeal had been properly prosecuted from the judgment below at the time of the filing of the application, and do not decide in this case whether we would have jurisdiction to entertain the motion in the absence of such an appeal.

One question arising under the present case is, Can the court now grant the application, inasmuch as thirty days has expired since the filing of the application in this court, and more than thirty days since the sixty days allowed by the statute for the stenographer to transcribe his notes? and, if so, whether the filing of the motion would suspend the running of the thirty days provided by law to be given to this court.

We have reached the conclusion that the filing of the application conferred jurisdiction on this court as a court to entertain the motion, though we could not exercise this power in vacation, and that the order of the court may now be made, making valid the extension for thirty days prayed for in the motion, and if the record was filed within such thirty days it would have the same validity as if the court had been in session and had ordered the allowance of the thirty days. But we are of opinion that no more than thirty days can be allowed at all under any circumstances beyond the sixty days allowed by statute.

No objection having been raised to the granting of the thirty days, the motion will be sustained, and thirty days

allowed, to begin after the expiration of the sixty days following the service of notice on the stenographer to transcribe his notes.

*Sustained.*